1  **BARNES & THORNBURG LLP**
   Lilit Asadourian (SBN  208801)
2  *lasadourian@btlaw.com*
   Shant N. Nashalian (SBN 322549) (Admission Pending)
3  *snashalian@btlaw.com*
   2029 Century Park East, Suite 300
4  Los Angeles, CA 90067-3012
   Telephone:   310-284-3880
5  Facsimile:   310-284-3894

6  Attorneys for Defendant
   Fifth Third Bank, N.A.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 | FANI KOKKOROS, as the Trustee of | Case No. 3:25-cv-1853 |
   the Spilios Mousalimas Trust dated
12 May 3, 1999, NICK G. TARLSON, as    | **DEFENDANT'S PETITION AND**
   the Special Trustee of the Spilios   | **NOTICE OF REMOVAL UNDER 28**
13 Mousalimas Trust appointed July 12,  | **U.S.C. §§ 1332, 1441, AND 1446**
   2022;
14                                       | **[DIVERSITY JURISDICTION]**
                    Plaintiffs,
15                                       | San Francisco County Superior Court
          vs.                            | Case No. CGC-25-621996
16
   EQUINITY TRUST COMPANY, a
17 New York limited liability company,
   FIFTH THIRD BANK, N.A., a national
18 banking association, THE
   TRAVELERS COMPANIES, INC., a
19 Minnesota corporation, JODY LON
   MILLARD, an individual, and DOEs 1-
20 25, inclusive;

21                    Defendants.

22

23

24

25

26

27

28

---

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Fifth Third Bank, N.A. ("Defendant") petitions the Court to remove this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Defendant makes this petition on the grounds that complete diversity of citizenship exists between Plaintiffs Fani Kokkoros ("Kokkoros"), a citizen of Canada, and Nick G. Tarlson ("Tarlson"), a citizen of California (both plaintiffs collectively "Plaintiffs") on the one hand, and Defendant, a citizen of Ohio, Equinity (*sic*) Trust Company ("Equiniti"), a limited liability company with citizenship in New York and Australia, The Travelers Companies, Inc. ("Travelers"), a Minnesota corporation, and Jody Lon Millard ("Millard"), a citizen of Ohio on the other hand (all defendants collectively "Defendants"). Further, the amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiffs filed the Complaint.[1]

## I.    THE STATE COURT ACTION

1.    On January 31, 2025, Plaintiffs filed an action against Defendants entitled "*FANI KOKKOROS, as the Trustee of the Spilios Mousalimas Trust dated May 3, 1999, NICK G. TARLSON, as the Special Trustee of the Spilios Mousalimas Trust appointed July 12, 2022 v. EQUINITY TRUST COMPANY, a New York limited liability company, FIFTH THIRD BANK, N.A., a national banking association, THE TRAVELERS COMPANIES, INC., a Minnesota corporation, JODY LON MILLARD, an individual, and DOEs 1-25, inclusive*" in San Francisco County Superior Court, Case Number CGC-25-621996. A true and correct copy of the Complaint is attached as **Exhibit A**.

---

[1] Unless expressly stated otherwise, all facts alleged in this Petition and Notice of Removal are true now and were true when Plaintiffs filed the Complaint.

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

## II.    **REMOVAL IS TIMELY**

2.    Service of a summons and complaint by personal service is complete at the time it is served. Code Civ. Pro. § 415.10. A defendant in a civil action has thirty days from the date that service of the summons and complaint is complete to remove the action to federal court. 28 U.S.C. § 1446(b). However, even if the time to remove a case to federal court is not yet triggered, "a defendant might choose to remove before service [is effectuated]." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 961 n. 15 (9th Cir. 2024).

3.    Plaintiff has not yet served the Summons and Complaint on Defendant. Thus, Defendant's removal is timely.

## III.   **COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

### A.    **Plaintiff Kokkoros Is a Citizen of Canada.**

4.    For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A trustee who holds and has the power to manage and dispose of a trust's assets is a real party in interest, such that a trustee's citizenship is applicable to establish diversity. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980).

5.    Kokkoros is, and at all times relevant to this action was, a citizen of and had her principal place of residence in London, Ontario, Canada. Declaration of Lilit Asadourian [Asadourian Decl.], ¶ 4. Therefore, Plaintiff is a citizen of Canada.

### B.    **Plaintiff Tarlson Is a Citizen of California.**

6.    Tarlson is, and at all times relevant to this action was, a citizen of and had his principal place of residence in Larkspur, California. Asadourian Decl. ¶ 5. Therefore, Plaintiff is a citizen of California.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### C.    <u>Defendant Fifth Third Bank is a Citizen of Ohio.</u>

7.    For the purposes of all other actions by or against them, national banks are deemed to be citizens of the states in which they are located. 28 U.S.C.A. § 1348. Under the statute providing that national banking associations be deemed citizens of states in which they are respectively located, a national bank is located "in the State designated in its articles of association as its main office"; a national bank is not a citizen of every state where it has branch offices. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

8.    Defendant is a national banking association headquartered in Ohio. Asadourian Decl. ¶ 6, Exhibit A.

9.    Therefore, Defendant is a citizen of Ohio.

10.    Defendant is not a citizen of California.

### D.    <u>Defendant Equiniti is a Citizen of New York and Delaware.</u>

11.    For purposes of diversity jurisdiction, a limited liability company (LLC) is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12.    For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). This is typically the place where the corporation "maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

13.    Armor Holding II, LLC is the sole member of Equiniti. Asadourian Decl. ¶ 7, Exhibit B.

14.    Armor Holding II, LLC is a New York limited liability company with its sole member as Armor Intermediate Company, LLC, a Delaware limited liability company. Armor Intermediate Company, LLC's only member is Armor Holdco, Inc., a

3

Delaware corporation with its principal place of business located in New York. *Id.* ¶ 8, Exhibit C.

15.    Therefore, Equiniti is a citizen of New York and Delaware.

**E.    Defendant Travelers is a Citizen of Minnesota and New York.**

16.    Travelers is incorporated in St. Paul, Minnesota. Travelers' headquarters is located in New York, New York. *Id.* ¶ 9, Exhibit D.

17.    Therefore, Travelers is a citizen of Minnesota and New York.

**F.    Defendant Millard is a Citizen of Ohio.**

18.    Millard is domiciled in Aurora, Ohio. Complaint ¶ 6.

19.    Therefore, Millard is a citizen of Ohio.

20.    Because Plaintiffs are citizens of Canada and California, respectively, and Defendants are citizens of Ohio, New York, Minnesota, and Australia, complete diversity among the parties exists.[2]

**IV.    THE JURISDICTIONAL MINIMUM IS SATISFIED**

21.    This Court's jurisdictional minimum of an amount in controversy over $75,000 is satisfied.[3]

22.    As an initial matter, Defendant is only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir. 1996). The Court may, for removal purposes, look to the Complaint and removal papers for underlying facts

---

[2] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

[3] Defendant discusses the allegations in Plaintiffs' Complaint solely to demonstrate that the amount in controversy exceeds $75,000. In doing so, Defendant does not admit that Plaintiffs are entitled to these damages or that Plaintiffs will be able to recover on any of their causes of action.

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

23.     In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, statutory penalties, attorneys' fees, and the potential for punitive damages. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (2001).

24.     Plaintiffs, in the prayer for relief section of the Complaint, claim actual damages against Equiniti (which Plaintiffs allege Defendant and Travelers were obligated to indemnify) in the amount of $1,992,035.01. Complaint, Prayer for Relief, ¶¶ 1-3.

25.     Plaintiffs claim exemplary and punitive damages against Equiniti and Millard. Complaint, Prayer for Relief,  ¶ 6.

26.     Plaintiffs also seek recovery of attorneys' fees and costs. Complaint, Prayer for Relief,  ¶ 4.

27.     Removal is proper as it is more likely than not that the value of Plaintiffs' claims exceeds $75,000 based on the allegations in the Complaint. *See Sanchez, supra*, 102 F.3d at 404; *see also Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

28.     In sum, the total amount in controversy is at least $1,992,035.01, well above the $75,000 jurisdictional minimum.

## V.    THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED

29.     In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

30.    This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

31.    Although a removing defendant is required to "file in the district court . . . a copy of all process, pleadings, and orders served upon such defendant . . . in [the state court] action", Plaintiffs have not yet served Defendants with any process, pleadings, or orders.

32.    In accordance with 28 U.S.C. section 1446(b), Defendant's Notice of Removal was filed and served prior to Plaintiffs' service of process. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 961 n. 15 (9th Cir. 2024).

33.    In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiffs via counsel and will file a copy of that Notice with the San Francisco County Superior Court. Asadourian Decl. ¶ 10.

## IV.    CONCLUSION

34.    Because jurisdiction is proper under 28 U.S.C. section 1332 (diversity), Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

35.    If this Court has any questions regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause, so that Defendant may have an opportunity to address such questions.

Dated: February 20, 2025                    **BARNES & THORNBURG LLP**


By: */s/ Lilit Asadourian*
Lilit Asadourian (SBN  208801)
Shant N. Nashalian (SBN 322549)
Attorneys for Defendant
Fifth Third Bank, N.A.

# Exhibit A

Paul H. Melbostad, Esq. SBN 99951
Vladislav P. Viltman, Esq. SBN 203140
g3mh, LLP
1388 Sutter Street, Suite 1000
San Francisco, CA 94109
T: (415) 673-5600 | F: (415) 673-5606
pmelbostad@g3mh.com
vviltman@g3mh.com

Attorneys for Plaintiffs FANI KOKKOROS, as
the Trustee of the Spilios Mousalimas Trust
dated May 3, 1999, and NICK G. TARLSON,
as the Special Trustee of the Spilios
Mousalimas Trust appointed July 12, 2022

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**01/31/2025**
**Clerk of the Court**
BY: SAHAR ENAYATI
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| FANI KOKKOROS, as the Trustee of the Spilios Mousalimas Trust dated May 3, 1999, NICK G. TARLSON, as the Special Trustee of the Spilios Mousalimas Trust appointed July 12, 2022, <br><br> Plaintiffs, <br><br> v. <br><br> EQUINITY TRUST COMPANY, a New York limited liability company, FIFTH THIRD BANK, N.A., a national banking association, THE TRAVELERS COMPANIES, INC., a Minnesota corporation, JODY LON MILLARD, an individual, and DOEs 1-25, inclusive, <br><br> Defendants. | **CGC-25-621996** <br><br> Case No.: <br><br> **COMPLAINT FOR:** <br><br> **(1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES;** <br><br> **(2) DEFAULT UNDER MEDALLION GUARANTY INDEMNITY AGREEMENT; AND** <br><br> **(3) DEFAULT IN PAYMENT ON SURETY BOND** |

Plaintiff FANI KOKKOROS, as Trustee of the Spilios Mousalimas Trust dated May 3, 1999, and NICK G. TARLSON, appointed by her as Special Trustee ("Plaintiffs") hereby allege against defendants EQUINITY TRUST COMPANY, a stock transfer agent, FIFTH THIRD BANK, N.A., issuer of the Medallion Guarantee of the signature and authority of defendant JODY LON MILLARD to act

(1)

COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

Case No. 3:25-cv-1853

as, or on behalf of, the Trustee of the Spilios Mousalimas Trust, THE TRAVELERS COMPANIES, INC., issuer of the bond to secure the Medallion Guarantee, and DOEs 1-25, (collectively, "defendants") as follows:

## PARTIES

1.    Plaintiff FANI KOKKOROS ("KOKKOROS" or "successor Trustee") is the current Trustee of the Spilios Mousalimas Trust dated May 3, 1999 (the "Trust"), nominated in the Trust by the Settlor/Trustor Spilios Mousalimas ("Spilios") to serve as successor Trustee when Spilios died or became no longer able to serve as Trustee.

2.    Plaintiff NICK G. TARLSON, ("TARLSON" or "Special Trustee") is a Certified Public Accountant, who has been serving as the accountant and tax preparer for the Trustee of the Trust, and has been serving as a Special Trustee of the Spilios Mousalimas Trust after being appointed by Trustee KOKKOROS on July 12, 2022.

3.    Defendant EQUINITY TRUST COMPANY ("EQUINITI"), a New York limited liability company, is a licensed stock transfer agent headquartered at 1110 Centre Pointe Curve, Suite 101, Mendota Heights, Minnesota 55120, phone number (800) 468-9716. The office of its Secretary, Executive Vice President, and Chief Compliance Officer, David Becker, is located at 48 Wall Street, 23rd Floor, New York, NY 10005. His email address is David.Becker@equiniti.com and his phone number is (347) 640-1017.

4.    Defendant FIFTH THIRD BANK, N.A., ("FIFTH THIRD") is a national banking association headquartered in Cincinnati, Ohio, which participates in the Medallion Guarantee Program administered by Kemark Financial Services, Inc. A medallion signature guarantee is a special stamp that is used to transfer securities. It confirms that the signature authorizing the transfer is genuine and that the signer has the legal capacity and authority to sign the document.  If a financial institution is not a member of a recognized Medallion Signature Guarantee Program, it would not be able to provide signature guarantees. If a signer is not a customer of the participating financial institution, it is unlikely the financial institution will guarantee the customer's signature. FIFTH THIRD issued the Medallion Guarantee of the signature and legal authority of defendant JODY LON MILLARD ("MILLARD") to act as, or on behalf of, the Trustee of the Spilios Mousalimas Trust. Accordingly, FIFTH THIRD is

(2)

obligated to indemnify EQUINITI and Trustee KOKKOROS as the true owner of legal title to the below-described stolen securities and dividend checks for the cancellation, reissuance and transfer of the securities and reissuance of dividend checks to MILLARD. This is based on MILLARD's false and fraudulent assertions that he was the beneficial owner, and/or rightful holder of legal title, and/or had authority to act as, or on behalf of, the Trustee of the Spilios Mousalimas Trust. MILLARD did not have such authority, and there was no reasonable basis to conclude that he was the owner and/or had such authority.

5.      Defendant THE TRAVELERS COMPANIES, INC. ("TRAVELERS"), a Minnesota corporation, is an insurance company with its Investor Relations headquarters located at One Tower Square, Hartford, Connecticut. TRAVELERS issued the surety bond to insure performance by FIFTH THIRD of its obligation to indemnify EQUINITI and the Trustee as the true owner of legal title to the securities for the cancellation, reissuance and transfer of the securities and reissuance of dividend checks to MILLARD. This is based on his false and fraudulent assertions that he was the beneficial owner, and/or rightful holder of legal title, and/or had authority to act as, or on behalf of, the Trustee of the Spilios Mousalimas Trust, when he did not have such authority.

6.      Defendant MILLARD is an individual who purports to reside in Aurora, Ohio, but Plaintiffs cannot be certain of his true name or place of residence. This defendant used the name "JODY LON MILLARD" to fraudulently execute a Stock Power Form—discussed *infra*—that enabled him to initiate and secure the transfer of PG&E and Southern Company common stock shares, along with corresponding dividend checks, which were titled in the name of the Trustee of the Spilios Mousalimas Trust. In doing so, MILLARD made false and fraudulent representations to EQUINITI and FIFTH THIRD, claiming that he was the beneficial owner of the shares, that the share certificates had been lost, and that he had authority to act on behalf of the Trustee of the Mousalimas Trust.

7.      Plaintiffs do not know the true names of those defendants named as DOEs 1-25, inclusive, and therefore sue them by those fictitious names. Plaintiffs will seek leave of Court to amend this Complaint under Code of Civil Procedure §474 to state the true names, capacities, and relationships of said defendants if and when they are ascertained.

// // //

COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

**JURISDICTION AND VENUE**

8.    This Court is a court of general jurisdiction and therefore has subject matter jurisdiction over the claims asserted in this complaint.

9.    The amount in controversy exceeds the jurisdictional minimum of this Court.

10.    Venue is proper in the City and County of San Francisco because the Trust is being administered here in San Francisco, California at the offices of the attorney for the Trustee, g3mh, LLP, and the office of NICK G. TARLSON, as the Special Trustee of the Spilios Mousalimas Trust.

**STATEMENT OF FACTS**

11.    The allegations contained herein concern the wrongful registration and transfer by EQUINITI of securities and stock dividends with a value at the time of $1,992,035.01 to a person or persons who perpetuated a financial fraud against the Trustee of the Trust of decedent Spilios Mousalimas.  The person or persons falsely claimed to be relatives and heirs of the decedent and provided a copy of a Trust instrument which had been altered to show that he was the successor Trustee appointed by Spilios Mousalimas, and the beneficiary entitled to distribution of the securities and dividends.  The actual beneficiaries are two charities in Spilios' home country of Greece.  Spilios had directed that his estate be distributed to the charities in equal shares.

12.    Decedent created the Trust in 1999.  The Trust directed that all the property in the Trust be distributed for the benefit of two cancer research and treatment facilities in Greece: the Cancer Research Department at the University of Athens and The Cancer Research Department of Panarcadia Evangelismos, the public hospital in Tripolis, the capital of Panarcadia, Spilios' home region of Greece.

**FIRST CAUSE OF ACTION**
**(Wrongful Registration and Transfer of Securities)**
**(Against EQUINITY TRUST COMPANY and Jody Lon Millard)**

13.    Plaintiffs reallege and incorporate by reference all paragraphs previously asserted in this complaint.

14.    The California Commercial Code Sections 8404 and 8407 assign liability to the Issuer of a Security, and, by extension, to the Transfer Agent, for the "wrongful registration of transfer if the Issuer has registered a transfer of a security to a person not entitled to it." As stated in a UNIFORM

(4)

COMMERCIAL CODE COMMENT cited in West's Ann.Cal.Com.Code Section 8407 as follows:

1. Transfer agents, registrars, and the like are here expressly held liable both to the issuer and to the owner for wrongful refusal to register a transfer as well as for wrongful registration of a transfer in any case within the scope of their respective functions where the issuer would itself be liable. Those cases which have regarded these parties solely as agents of the issuer and have therefore refused to recognize their liability to the owner for mere non-feasance, i.e., refusal to register a transfer, are rejected. *Hulse v. Consolidated Quicksilver Mining Corp.*, 65 Idaho 768, 154 P.2d 149 (1944); *Nicholson v. Morgan*, 119 Misc. 309, 196 N.Y.Supp. 147 (1922); *Lewis v. Hargadine-McKittrick Dry Goods Co.*, 305 Mo. 396, 274 S.W. 1041 (1924).

15.    California Commercial Code Section 8404 titled **Wrongful Registration** provides:

(a) Except as otherwise provided in Section 8406, an issuer is liable for wrongful registration of transfer if the issuer has registered a transfer of a security to a person not entitled to it, and the transfer was registered in any of the following circumstances:
        (1) Pursuant to an ineffective endorsement or instruction.
        (2) After a demand that the issuer not register transfer became effective under subdivision (a) of Section 8403(a) and the issuer did not comply with subdivision (b) of Section 8403.
        (3) After the issuer had been served with an injunction, restraining order, or other legal process enjoining it from registering the transfer, issued by a court of competent jurisdiction, and the issuer had a reasonable opportunity to act on the injunction, restraining order, or other legal process.
        (4) By an issuer acting in collusion with the wrongdoer.
(b) An issuer that is liable for wrongful registration of transfer under subdivision (a) on demand shall provide the person entitled to the security with a like certificated or uncertificated security, and any payments or distributions that the person did not receive as a result of the wrongful registration. If an overissue would result, the issuer's liability to provide the person with a like security is governed by Section 8210. West's Ann.Cal.Com.Code Section 8404
(c) Except as otherwise provided in subdivision (a) or in a law relating to the collection of taxes, an issuer is not liable to an owner or other person suffering loss as a result of the registration of a transfer of a security if registration was made pursuant to an effective endorsement or instruction.

16.    Subsection (a)(1) provides that an issuer is liable if it registers transfer pursuant to an indorsement or instruction that was not effective. For example, an issuer that registers transfer on a forged indorsement is liable to the registered owner. The fact that the issuer had no reason to suspect that the indorsement was forged or that the issuer obtained the ordinary assurances under Section 8402 does not relieve the issuer from liability. The reason that issuers obtain signature guaranties and other assurances is that they are liable for wrongful registration. UNIFORM COMMERCIAL CODE COMMENT West's Ann.Cal.Com.Code § 8404 Wrongful Registration.

17.    Pursuant to West's Ann.Cal.Com.Code § 8407 governing an authenticating trustee, transfer agent, and registrar, a person acting as authenticating trustee, transfer agent, registrar, or other agent for an issuer in the registration of a transfer of its securities, in the issue of new security certificates or uncertificated securities, or in the cancellation of surrendered security certificates has the same obligation to the holder or owner of a certificated or uncertificated security with regard to the particular functions performed as the issuer has in regard to those functions. Cal.Com.Code § 8407 (Added by Stats.1996, c. 497 (S.B.1591), § 9, operative Jan. 1, 1997.)

18.    On November 2, 2021, MILLARD executed a Stock Power Form claiming that he had "lost" 12,300 shares of PG&E Corporation common stock (stock symbol "PCG"), then registered to the Spilios Mousalimas Trust.  The form shows the Cost Basis box checked "Private Sale" requesting that the shares be Replaced in book entry form in a new "Individual" account in his name, not a "Trust" account. The Stock Power Form directs that the "Address for the New Account" be MILLARD's mailing address: PO Box 148, Aurora, OH 44202, and that the "Tax ID for the New Account" be the (likely false) Social Security Number 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. Millard's signature was guaranteed by a Medallion Signature Guarantee by defendant FIFTH THIRD (attached as **Exhibit A**). Millard was not entitled to become the owner of the shares—not in his individual capacity, nor as Trustee of the Mousalimas Trust. Accordingly, his submission of the Stock Power Form was fraudulent. The Form is incomplete and full of inconsistencies that should have been obvious and put EQUINITI on notice that it should not proceed with the transfer.

19.    On January 13, 2022, MILLARD executed a Stock Power Form claiming that he had "lost the certificate for 17,700 shares" of PG&E Corporation common stock (stock symbol "PCG"), then registered to the Spilios Mousalimas Trust, with a Cost Basis box checked "Inheritance" requesting that the shares be placed in book entry form in a new "Individual" account in his name, not a "Trust" account. The Stock Power Form directs that the "Address for the New Account" be MILLARD's mailing address: PO Box 148, Aurora, OH 44202, and that the "Tax ID for the New Account" be the (likely false) Social Security Number 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. Millard's signature was guaranteed by a Medallion Signature Guarantee by defendant FIFTH THIRD (attached as **Exhibit B**). Millard was not entitled to become the owner of the shares—not in his individual capacity, nor as Trustee of the Mousalimas Trust. Accordingly, his

(6)

COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

Case No. 3:25-cv-1853

submission of the Stock Power Form was fraudulent. The Form is incomplete and full of inconsistencies that should have been obvious and put EQUINITI on notice that it should not proceed with the transfer.

20.     On July 22, 2022, MILLARD executed a Stock Power Form requesting a transfer of "ALL" shares of Southern Company common stock, then registered to the Spilios Mousalimas Trust, with all blanks in the section on Cost Basis, and requesting that the shares be placed in book entry form in a "New Account" for a "Trust" in his name as "JODY LON MILLARD." The Stock Power Form directs that the "Address for the New Account" be MILLARD's mailing address: PO Box 148, Aurora, OH 44202 and the "Tax ID for the New Account" be a fraudulent EIN, 87-6512750.  The Trust's actual EIN was applied for and obtained by Plaintiff TARLSON.  MILLARD's signature and authority to act on behalf of the Trustee of the Trust was guaranteed by a Medallion Signature Guarantee by defendant FIFTH THIRD (attached as **Exhibit C**).  MILLARD was not entitled to become the owner of the shares—not in his individual capacity, nor as Trustee of the Mousalimas Trust. Accordingly, his submission of the Stock Power Form was fraudulent. The Form is incomplete and full of inconsistencies that should have been obvious and put EQUINITI on notice that it should not proceed with the transfer.

21.     In truth, none of the share certificates for common stock were ever lost, and there was no basis to transfer any of them as directed in the Stock Power Forms submitted by MILLARD. At all times when MILLARD was submitting the Forms requesting reissuance of the shares in MILLARD's name, the shares were in the custody of the rightful Trustee and owner of legal title to the share certificates, plaintiff Fani KOKKOROS. Copies of the share certificates are attached hereto as **Exhibit D**.

22.     In addition to obtaining the shares from EQUINITI, MILLARD obtained a check from **Southern Company** for $48,735.01. The check was payable to the Trust but was mailed to MILLARD's address: PO Box 148 Aurora, OH 44202-0148. MILLARD deposited the check into EQUINITI's Wells Fargo Account No. 6711363231. See check image, attached hereto as **Exhibit E**.

23.     The total value of the stock and cash dividends taken by MILLARD by presenting fraudulent documents to EQUINITI is as follows:

// // //

// // //

// // //

COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

Case No. 3:25-cv-1853

| Description | Shares | Share Price as of 01/01/2024 | Value |
|---|---|---|---|
| PG&E Corporation | 12,300 | $18.03 | $221,769.00 |
| PG&E Corporation | 17,700 | $18.03 | $319,131.00 |
| Southern Company | 20,000 | $70.12 | 1,402,400.00 |
| Southern Company | Check | | <u>$48,735.01</u> |
| | | Total: | **$1,992,035.01** |

24.    The property was wrongfully transferred to MILLARD and/or DOEs 1-25 by EQUINITI. On August 18, 2022, Paul Melbostad, as attorney for Trustee KOKKOROS, notified EQUINITI that the Trustee of the Trust was entitled to the property in question. On August 24, 2022, EQUINITI asked Trustee KOKKOROS, through TARLSON, to provide a "Certificate of Fiduciary Authority" and an authorization letter. On October 4, 2022, EQUINITI informed KOKKOROS, through TARLSON, that the shares had been transferred to a third party, pursuant to Medallion Guarantee stamped Stock Powers. On October 14, 2022, at EQUINITI's request, TARLSON provided "Letters of Instruction" explaining the fraudulent activity and asked for assistance in making a claim for recovery of the property. On October 17, 2022, EQUINITI asked TARLSON to prepare "Affidavits of Loss" for the property. On November 22, 2022, TARLSON sent the "Affidavits of Loss" by facsimile and by overnight delivery.

25.    On January 3, 2023, based on the receipt of the November 22, 2022 fax, EQUINITI corresponded with TARLSON indicating that it had not received the original documents, and insisting that TARLSON send the original documents, which he had already done on November 22, 2022 by overnight delivery. On January 5, 2023, TARLSON provided EQUINITI with the documentation showing that the documents had been delivered. The same day, David Becker, EQUINITI's Compliance Officer, responded, "I have forwarded this email to the people working on this, and I'll let you know where this stands."

26.    TARLSON followed up with Mr. Becker with additional email correspondence on January 17, 2023, January 19, 2023, and March 8, 2023, in addition to numerous attempts to contact him by telephone. On March 9, 2023, Becker responded:

(8)

COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

Case No. 3:25-cv-1853

"As you know, we previously made a claim to the bank that issued the Medallion Guarantee for the transaction. As of this date, we have not heard back from them, and are escalating this matter to the administrator of the Medallion Signature Guarantee program. The affidavits of check fraud that you sent us have been submitted to the receiving bank along with a claim by our paying bank, Wells Fargo, and we are waiting for a response from them."

27.    On April 21, 2023, TARLSON asked Becker for an update. On May 16, 2023 he responded, "Our bank, Wells Fargo, continues to attempt to obtain the funds back from the receiving bank, but has not received anything back yet. We are continuing to push to try and recover the funds."

28.    The same day, TARLSON asked about the stock transfers. On May 19, 2023, Becker responded, "This has been escalated to the administrator of the Medallion program, and we are waiting to hear back from them."

29.    On June 8, 2023, TARLSON followed up with Becker. He responded,

With respect to the Medallion program, the program people are working with the entity that put the Medallion on the document, and we are waiting to hear from them. As for Wells Fargo's claim, it is in process, but these things can take a number of months to get resolved.

TARLSON, and also Paul H. Melbostad, the attorney for KOKKOROS in administering the Trust, continued to inquire about the progress of this matter through December 13, 2023 and throughout 2024, but it was never resolved despite Becker's assurances, and Becker never provided a copy of any of the documents he asserted that EQUINITI had prepared and submitted to recover the shares and dividend payments, despite numerous and repeated requests by Melbostad in live phone conversations, voicemails, and emails which document the requests. It may be inferred that EQUINITI never actually performed any of the actions it represented that it had taken.

30.    If it is determined that there is a loss and that the loss resulted from the wrongful transfer of securities pursuant to a forged or otherwise ineffective endorsement, a *"demand for indemnity" under the Medallion Program Indemnity Agreement should be made by the Transfer Agent upon the Guarantor.* The Transfer Agent should provide the Guarantor with all documentation related to the item in question, including copies of the endorsement, the Medallion imprint, and the Affidavit of Forgery. It may be inferred that no such "demand for indemnity" under the Medallion Program Indemnity Agreement was made by EQUINITI as the Transfer Agent upon the Guarantor, FIFTH THIRD—despite repeated requests by Plaintiffs' attorney to David Becker for copies, no copy of any demand for

(9)

COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

1  indemnity from FIFTH THIRD has ever been provided by EQUINITI.

2      31.     Under the terms of the Medallion Program's Application and Subscription Agreement,

3  the Guarantor, FIFTH THIRD, must acknowledge receipt of the demand in writing within three business

4  days. Also, under the terms of the Medallion Program's Application and Subscription Agreement, the

5  Guarantor's "failure to satisfy a demand within ten (l0) business days after receipt" will constitute a

6  default under the Indemnity Agreement, entitling the Transfer Agent to present the demand as a claim

7  under the Guarantor's Medallion Program Surety Bond. Apparently, FIFTH THIRD failed to do so;

8  because despite repeated requests by Plaintiffs' attorney for copies, none has ever been provided.  If

9  Guarantor Surety Bond information is needed, the Transfer Agent is required to be able to secure this

10 information via a written request made to the Medallion Program Administrator.  The Transfer Agent

11 should maintain a dialogue with the Investor and the Guarantor or its Surety Company until settlement

12 or resolution. EQUINITI has not done so.

13     32.     The incidents and circumstances giving rise to claims vary; but both Guarantors and

14 Transfer Agents have a mutual obligation to the Investor to resolve issues efficiently and expeditiously.

15 Neither EQUINITI nor FIFTH THIRD has done so, which allowed MILLARD to succeed in having the

16 shares he claimed were lost, replaced, and wrongfully transferred and registered to him.  As a direct,

17 foreseeable and consequential result, Plaintiffs have suffered damages in an amount of at least the value

18 of the shares and dividends taken $1,992,035.01, plus the attorney fees and legal costs Plaintiffs have

19 been forced to incur to recover their property, which Plaintiffs are entitled to recover as damages, in an

20 amount to be determined, according to proof.

21     WHEREFORE, Plaintiffs pray for judgment against defendants EQUINITI and MILLARD, as

22 hereinafter set forth.

23
                        **SECOND CAUSE OF ACTION**
24                **(Default Under Medallion Guaranty Indemnity Agreement)**
                         **(Against Fifth Third Bank, N.A.)**
25
       33.     Plaintiffs reallege and incorporate by reference all of the allegations asserted in the
26
   previous paragraphs to the extent relevant to this second cause of action.
27
       34.     Under the terms of the Medallion Program's Application and Subscription Agreement,
28
                                        (10)

COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION
GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

Case No. 3:25-cv-1853

the Guarantor's "failure to satisfy a demand within ten (l0) business days after receipt" will constitute a default under the Indemnity Agreement, entitling the Transfer Agent to present the demand as a claim under the Guarantor's Medallion Program Surety Bond. The Guarantor should deal with the demand for indemnity under its Indemnity Agreement according to predetermined internal procedures, which will likely involve legal and risk management resources and, possibly, other financial institution insurance. Both Guarantors and Transfer Agents have a mutual obligation to the Investor to resolve issues efficiently and expeditiously.

35.     Plaintiffs are informed and believe that if EQUINITI made a demand on FIFTH THIRD for indemnity, FIFTH THIRD failed to satisfy the demand within ten (l0) business days after receipt, and failed to ever satisfy the demand, so FIFTH THIRD defaulted under the Indemnity Agreement, entitling EQUINITI as the Transfer Agent to present the demand as a claim under the Guarantor's Medallion Program Surety Bond.

36.     As a direct, foreseeable and consequential result, Plaintiffs have suffered damages in an amount of at least the value of the shares and dividends taken $1,992,035.01, plus the attorney fees  and legal costs Plaintiffs have been forced to incur to enforce the Indemnity Agreement, of which Plaintiffs are a third party beneficiary, which Plaintiffs are entitled to recover as damages, in an amount to be determined, according to proof.

WHEREFORE, Plaintiffs pray for judgment against FIFTH THIRD, as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Failure to Indemnify by Issuer of Surety Bond)**
**(Against THE TRAVELERS COMPANIES, INC. Company)**

37.     Plaintiffs reallege and incorporate by reference all of the allegations asserted in the previous paragraphs to the extent they are relevant to this third cause of action.

38.     TRAVELERS issued a surety bond to ensure indemnity by FIFTH THIRD on its Medallion Guarantee of the authenticity of the signatures of MILLARD and the authority of MILLARD to act as, or on behalf of the Trustee of the Spilios Mousalimas Trust, on the Stock Powers. TRAVELERS is thus obligated to compensate EQUINITI if FIFTH THIRD failed to fulfill its guarantee of a signature's authenticity and the authority of the signatory. In essence, the insurance company that

(11)

COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

Case No. 3:25-cv-1853

issues a surety bond acts as a backstop, to ensure that the financial institution, in this case a Transfer Agent, is protected in case the Medallion Guarantor makes an error or fails to meet its guarantee obligations.

39.     As a direct, foreseeable and consequential result, Plaintiffs have suffered damages in an amount of at least the value of the shares and dividends taken $1,992,035.01, plus the attorney fees and legal costs Plaintiffs have been forced to incur to enforce the Indemnity Agreement, of which Plaintiffs are a third party beneficiary, which Plaintiffs are entitled to recover as damages, in an amount to be determined, according to proof.

WHEREFORE, Plaintiffs pray for judgment against TRAVELERS, as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

1.     Against EQUINITI for actual damages in the amount of the value of the wrongfully taken shares of securities and dividend checks of $1,992,035.01;

2.     Against FIFTH THIRD for actual damages in the amount of the value of the wrongfully taken shares of securities and dividend checks of $1,992,035.01 for which it was obligated to indemnify EQUINITI;

3.     Against TRAVELERS for actual damages in the amount of the value of the wrongfully taken shares of securities and dividend checks of $1,992,035.01 for which it was obligated to indemnity EQUINITI if FIFTH THIRD failed to meet its guarantee obligations;

4.     For the attorney fees and legal costs Plaintiffs were forced to incur to recover their property, which fees and costs constitute damages, because the fees were necessarily incurred to recover property which already belonged to them which was wrongfully taken or transferred by the defendants;

5.     For other reasonably foreseeable damages suffered by the Trustee and the beneficiaries of the Trust as a result of the wrongful taking, wrongful transfer and/or wrongful registration of the shares of common stock and wrongful taking and reissuance to defendants of dividend checks by fraudulent misrepresentation and concealment and other tortious actions by defendants;

6.     For exemplary and punitive damages against defendants MILLARD and EQUINITI and DOEs 1-25 for the wrongful taking and/or wrongful transfer, and/or wrongful registration of property

(12)

COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

Case No. 3:25-cv-1853

1    of the Trustees and Trust beneficiaries with the intention to injure Defendants and/or with reckless

2    disregard for their rights and safety;

3        7.      For Prejudgment and postjudgment interest at the legal rate accrued from the dates that

4    the securities were wrongfully taken, transferred and/or registered, subject to proof;

5        8.      For such other and further relief as the Court deems just and proper.

6

7        Dated:  January 31, 2025              Respectfully Submitted,
                                               g3mh, LLP dba Goldstein, Gellman, Melbostad & Harris
8

9

10                                             Paul H. Melbostad, Esq.
                                               Vladislav P. Viltman, Esq.
11                                             Attorneys for Attorneys for Plaintiffs FANI
                                               KOKKOROS, as the Trustee of the Spilios Mousalimas
12                                             Trust dated May 3, 1999, and NICK G. TARLSON, as
                                               the Special Trustee of the Spilios Mousalimas Trust
13                                             appointed July 12, 2022

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(13)
COMPLAINT FOR: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION
GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND

Case No. 3:25-cv-1853

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT A

25
26
27
28

**COMPLAINT FOR WRONGFUL REGISTRATION OR TRANSFER OF SECURITIES**

# Stock Power Form For transferring shares, changing names, or adding a beneficiary

**Please print clearly. Alterations, corrections, or white-out will render the Stock Power Form invalid.**

## A. Tell Us About: The account you are transferring from Use a new form for each account and company of stock you are transferring.

| 1. Account Number: | 3600359319 | 2. Company of stock to be transferred: | PCG |
|---|---|---|---|

**3. Current Registration:** SPILIOS MOUSALIMAS TR UA 05 03 99 BY SPILIOS MOUSALIMAS

Please print the full registration/names/ownership title as it reads on statements, certificates and tax forms.

## B. Tell Us About: The shares you would like to transfer

4. ☒ Transfer **ALL** shares (If checked, leave boxes 5, 6, and 7 blank.)*

If you are not transferring all shares, enter the specific number of shares to transfer from each share type:

| 5. Direct Registration: | | 6. Plan: | | 7. Certificates:* | |
|---|---|---|---|---|---|

*The original certificates must be included with your request. If they are lost, please write the number of lost shares or write **ALL** in box 8.

8. I lost the certificate(s) for **12300** shares and require assistance replacing them.

There is a $75 processing fee to replace lost certificates. There may be additional fees and documents required, see FAQs.

## C. Tell Us About: Cost Basis

- ☒ Private Sale    Date of Sale: _____      Cost Per Share in US Dollars: _____
- ☐ Gift
- ☐ Inheritance    Date of Death: **03/26/06**      Fair Market Value Per Share in US Dollars: _____

For shares jointly held: Enter the number of shares in which the decedent had an interest: _____

## D. Please Let Us Know: If you would like uncashed checks to be reissued (if applicable)

9. Reissue checks into (choose one): ☒ New Owner's Name    **OR**    ☐ Current Name on Account

When transferring to multiple accounts, the new replacement checks will be issued to the current name on the account. A stop payment will be placed on all uncashed checks prior to their replacement. Checks issued within the last 10 days will not be replaced.

## E. Medallion Signature Guarantee

All current owners or authorized individual(s) must sign their name and have the signature guaranteed by a member of a Medallion Stamp Program. An authorized individual must write their capacity (title) in the space below. The Medallion Guarantor may require additional documentation. The undersigned does (do) irrevocably constitute and appoint Equiniti Trust Company attorney to transfer the said stock on the books of said Company with full power of substitution in the premises. Medallion Signature Guarantees can be obtained from financial institutions, including commercial banks, brokers, and credit unions. *(See the FAQ Medallion Signature Guarantee for more information)*

Signature of all registered owners or legal representatives

Note to Guarantor: Medallion Stamp must be fully legible and must **NOT** be dated or annotated.

X _____

X _____

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
FIFTH THIRD BANK, N.A.

Title of Legal Representatives, if applicable:

( 1093 )
AUTHORIZED SIGNATURE
X 9 0 1 4 9 2 2
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM™

X _____ VERIFIED

NOV 03 2021
EQSS Notation

**Page 1 of 2**

SP SOnL 12/18
DOM V5.3

Alterations, corrections, or white-out will render the Stock Power Form invalid.

**F. Tell Us About:** The account you want the shares transferred to A separate page is needed for each new account.

Enter the number of shares to transfer into the account indicated on this page. When transferring to multiple accounts, you must submit a separate copy of this page and indicate the number of shares to transfer into each new account.

If you are transferring to an existing Shareowner Services account, enter the 10-digit account number, and complete Line 1 with the full account registration. Then, skip to Section **H**.

**Registration for the New Account** check only one box below, complete the indicated lines, new address, and Tax ID

- ☒ Individual – Line 1
- ☐ Estate – Lines 1 and 4a
- ☐ Custodian for Minor – Lines 1, 2a, and 2b
- ☐ LLC C Corporation – Line 1

- ☐ Joint Tenancy – Lines 1 and 2a
- ☐ Trust – Lines 1, 4a, and 4b
- ☐ TOD Beneficiary – Lines 1 and 4a
- ☐ LLC S Corporation – Line 1

- ☐ Tenants in Common – Lines 1 and 2a
- ☐ Tenants by Entirety – Lines 1 and 2a
- ☐ Corporation – Line 1
- ☐ LLC Partnership – Line 1

☐ Other – Line 1 and enter type of registration: _____

**Line 1.** New Owner/Custodian/Trustee/Executor/Other (First Name, Middle Initial, Last Name)

JODY MILLARD

**Line 2a.** Joint Owner/Minor/Second Trustee/Other (First Name, Middle Initial, Last Name)          **2b.** Minor's State of Residence

**Line 3.** Any additional Joint Owners/Trustees/Other (First Name, Middle Initial, Last Name)

**Line 4a.** Name of Trust/Estate/TOD Beneficiary          **4b.** Date of Trust (MM/DD/YY)

**Address for the New Account** Including City, State, and Zip Code

PO Box 148 AURORA, OH. 44202

**Tax ID for the New Account**
Enter the Social Security Number **OR** Employer Identification Number (then check one box to identify type)

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          ☒ SSN   **OR**   ☐ EIN

**G. Substitute Form W-9** The New Owner signature below **MUST** correspond to the Tax ID for the New Account above

Certification: Under penalties of perjury, I certify that: **1.** The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and **2.** I am not subject to backup withholding because: (a) I am exempt from backup withholding, (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and **3.** I am a U.S. citizen or other U.S. person (defined in the instructions). **4.** The FATCA code entered on this form (if any) indicating that the payee is exempt from FATCA reporting is correct. (This does not apply to accounts located in the U.S.)

Exempt Payee Code (if any): _____  (Codes are available with the official IRS Form W-9 available at www.irs.gov)

Exemption from FATCA Reporting Code (if any): NOT APPLICABLE (codes are available with the official IRS Form W-8 available at www.irs.gov)

Certification Instructions: You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you failed to report all interest and dividends on your tax return.

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

Signature: _____          Date: 11/2/21          (Rev. 10/18)

**NOTICE TO NON-U.S. PERSONS** (e.g. nonresident aliens individuals, foreign corporations, foreign partnerships or foreign trusts): DO NOT COMPLETE THE ABOVE SUBSTITUTE FORM W-9. NON-U.S. PERSONS MUST PROPERLY AND TIMELY COMPLETE AND RETURN THE APPLICABLE FORM W-8, (AVAILABLE AT www.irs.gov) AND RETURN THAT CERTIFICATION OF FOREIGN TAX STATUS. FAILURE TO DO SO COULD SUBJECT YOU TO EITHER U.S. FEDERAL BACKUP WITHHOLDING TAX AT THE APPLICABLE RATE OR FATCA/NRA WITHHOLDING OF 30%, AS APPLICABLE, OF THE REPORTABLE/WITHHOLDABLE AMOUNT.

**H. Sign up for Online Access:** If the new owner would like to receive instructions for online access

☒ Check the box to the left to send instructions for online access. An Authentication ID and sign up instructions will be mailed to the address in Section F. Some restrictions may apply. Online account access is not available for accounts registered in the name of a Corporation, Partnership, Investment Club, Bank, or Brokerage firm where multiple individuals are authorized to perform transactions.

**Page 2 of 2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT B

27
28

(15)

**COMPLAINT FOR WRONGFUL REGISTRATION OR TRANSFER OF SECURITIES**

# Stock Power Form For transferring shares, changing names, or adding a beneficiary

**Please print clearly. Alterations, corrections, or white-out will render the Stock Power Form invalid.**

## A. Tell Us About: The account you are transferring from Use a new form for each account and company of stock you are transferring.

| 1. Account Number: | **3600359320** | 2. Company of stock to be transferred: | **PCG** |

3. Current Registration: **SPILIOS MOUSALIMAS TR SPILIOS MOUSALIMASTRUST UA MAY 3 99**

Please print the full registration/names/ownership title as it reads on statements, certificates and tax forms.

## B. Tell Us About: The shares you would like to transfer

4. ☑ Transfer **ALL** shares (If checked, leave boxes 5, 6, and 7 blank.)*

If you are not transferring all shares, enter the specific number of shares to transfer from each share type:

| 5. Direct Registration: | | 6. Plan: | | 7. Certificates:* | |

*The original certificates must be included with your request. If they are lost, please write the number of lost shares or write **ALL** in box 8.

8. I lost the certificate(s) for **17700** shares and require assistance replacing them.

There is a $75 processing fee to replace lost certificates. There may be additional fees and documents required, see FAQs.

## C. Tell Us About: Cost Basis

☐ Private Sale    Date of Sale: _____    Cost Per Share in US Dollars: _____

☐ Gift

☑ Inheritance    Date of Death: **03/26/06**    Fair Market Value Per Share in US Dollars: _____

For shares jointly held: Enter the number of shares in which the decedent had an interest: _____

## D. Please Let Us Know: If you would like uncashed checks to be reissued (if applicable)

9. Reissue checks into (choose one): ☑ New Owner's Name    **OR**    ☐ Current Name on Account

When transferring to multiple accounts, the new replacement checks will be issued to the current name on the account. A stop payment will be placed on all uncashed checks prior to their replacement. Checks issued within the last 10 days will not be replaced.

## E. Medallion Signature Guarantee

All current owners or authorized individual(s) must sign their name and have the signature guaranteed by a member of a Medallion Stamp Program. An authorized individual must write their capacity (title) in the space below. The Medallion Guarantor may require additional documentation. The undersigned does (do) irrevocably constitute and appoint Equiniti Trust Company attorney to transfer the said stock on the books of said Company with full power of substitution in the premises. Medallion Signature Guarantees can be obtained from financial institutions, including commercial banks, brokers, and credit unions. (See the FAQ Medallion Signature Guarantee for more information)

Signature of all registered owners or legal representatives

x _____

x _____

Title of Legal Representatives, if applicable:

x **VERIFIED**

 JAN 13 2022    VERIFIED
EQSS Notation    NOV 2 3 2021
EQSS N...

Note to Guarantor: Medallion Stamp must be fully legible and must **NOT** be dated or annotated.



SIGNATURE GUARANTEED
MEDALLION GUARANTEED
FIFTH THIRD BANK, N.A.

AUTHORIZED SIGNATURE
X 9 0 1 4 9 2 2
( 1093 )
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM℠

 VERIFIED
FEB 15 2022
EQSS Notation

Page 1 of 2

SP SOnL 12/18
DOM V5.3

Alterations, corrections, or white-out will render the Stock Power Form invalid.

## F. Tell Us About: The account you want the shares transferred to A separate page is needed for each new account

Enter the number of shares to transfer into the account indicated on this page. When transferring to multiple accounts, you must submit a separate copy of this page and indicate the number of shares to transfer into each new account.

If you are transferring to an existing Shareowner Services account, enter the 10-digit account number, and complete Line 1 with the full account registration. Then, skip to Section H.

**Registration for the New Account** check only one box below, complete the indicated lines, new address, and Tax ID

- ☑ Individual – Line 1
- ☐ Joint Tenancy – Lines 1 and 2a
- ☐ Tenants in Common – Lines 1 and 2a
- ☐ Estate – Lines 1 and 4a
- ☐ Trust – Lines 1, 4a, and 4b
- ☐ Tenants by Entirety – Lines 1 and 2a
- ☐ Custodian for Minor – Lines 1, 2a, and 2b
- ☐ TOD Beneficiary – Lines 1 and 4a
- ☐ Corporation – Line 1
- ☐ LLC C Corporation – Line 1
- ☐ LLC S Corporation – Line 1
- ☐ LLC Partnership – Line 1
- ☐ Other – Line 1 and enter type of registration: _____

**Line 1.** New Owner/Custodian/Trustee/Executor/Other (First Name, Middle Initial, Last Name)

JODY MILLARD

**Line 2a.** Joint Owner/Minor/Second Trustee/Other (First Name, Middle Initial, Last Name)     **2b.** Minor's State of Residence

**Line 3.** Any additional Joint Owners/Trustees/Other (First Name, Middle Initial, Last Name)

**Line 4a.** Name of Trust/Estate/TOD Beneficiary     **4b.** Date of Trust (MM/DD/YY)

**Address for the New Account** Including City, State, and Zip Code

PO BOX 148 AURORA, OH. 44202

## Tax ID for the New Account
Enter the Social Security Number **OR** Employer Identification Number (then check one box to identify type)

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     ☐ SSN **OR** ☐ EIN

## G. Substitute Form W-9 The New Owner signature below MUST correspond to the Tax ID for the New Account above

Certification: Under penalties of perjury, I certify that: 1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and 2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and 3. I am a U.S. citizen or other U.S. person (defined in the instructions). 4. The FATCA code entered on this form (if any) indicating that the payee is exempt from FATCA reporting is correct. (This does not apply to accounts located in the U.S.)

Exempt Payee Code (if any): _____     (Codes are available with the official IRS Form W-9 available at www.irs.gov)

Exemption from FATCA Reporting Code (if any): NOT APPLICABLE (codes are available with the official IRS Form W-9 available at www.irs.gov)

Certification Instructions: You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you failed to report all interest and dividends on your tax return.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Signature: _____     Date: 11/22/21     (Rev. 10/18)

NOTICE TO NON-U.S. PERSONS (e.g. nonresident aliens individuals, foreign corporations, foreign partnerships or foreign trusts): DO NOT COMPLETE THE ABOVE SUBSTITUTE FORM W-9. NON-U.S. PERSONS MUST PROPERLY AND TIMELY COMPLETE AND RETURN THE APPLICABLE FORM W-8, (AVAILABLE AT www.irs.gov) AND RETURN THAT CERTIFICATION OF FOREIGN TAX STATUS. FAILURE TO DO SO COULD SUBJECT YOU TO EITHER U.S. FEDERAL BACKUP WITHHOLDING TAX AT THE APPLICABLE RATE OR FATCA/NRA WITHHOLDING OF 30%, AS APPLICABLE, OF THE REPORTABLE/WITHHOLDABLE AMOUNT.

## H. Sign up for Online Access: If the new owner would like to receive instructions for online access

☐ Check the box to the left to send instructions for online access. An Authentication ID and sign up instructions will be mailed to the address in Section F. Some restrictions may apply. Online account access is not available for accounts registered in the name of a Corporation, Partnership, Investment Club, Bank, or Brokerage firm where multiple individuals are authorized to perform transactions.

**Page 2 of 2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT C

26
27
28

(16)

**COMPLAINT FOR WRONGFUL REGISTRATION OR TRANSFER OF SECURITIES**

# Stock Power Form  For transferring shares, changing names, or adding a beneficiary

**Please print clearly. Alterations, corrections, or white-out will render the Stock Power Form invalid.**

## A. Tell Us About: The account you are transferring from  Use a new form for each account and company of stock you are transferring.

1. Account Number: **3602492854**    2. Company of stock to be transferred: **SOUTHERN COMPANY**

3. Current Registration: **SPILIOS MOUSALIMAS TR SPILIOS MOUSALIMAS TRUST 5/3/99**

Please print the full registration/names/ownership title as it reads on statements, certificates and tax forms.

## B. Tell Us About: The shares you would like to transfer

4. ☒ Transfer **ALL** shares (If checked, leave boxes 5, 6, and 7 blank.)*

If you are not transferring all shares, enter the specific number of shares to transfer from each share type:

5. Direct Registration: _____    6. Plan: _____    7. Certificates:* _____

*The original certificates must be included with your request. If they are lost, please write the number of lost shares or write **ALL** in box 8.

8. I lost the certificate(s) for _____ shares and require assistance replacing them.

There is a $75 processing fee to replace each certificate that is lost. There may be additional fees and documents required, see FAQs.

## C. Tell Us About: Cost Basis

☐ Private Sale    Date of Sale: _____    Cost Per Share in US Dollars: _____

☐ Gift

☐ Inheritance    Date of Death: _____    Fair Market Value Per Share in US Dollars: _____

For shares jointly held: Enter the number of shares in which the decedent had an interest: _____

## D. Please Let Us Know: If you would like uncashed checks to be reissued (if applicable)

9. Reissue checks into (choose one): ☐ New Owner's Name    **OR**    ☐ Current Name on Account

When transferring to multiple accounts, the new replacement checks will be issued to the current name on the account. A stop payment will be placed on all uncashed checks prior to their replacement. Checks issued within the last 10 days will not be replaced.

## E. Medallion Signature Guarantee

All current owners or authorized individual(s) must sign their name and have the signature guaranteed by a member of a Medallion Stamp Program. An authorized individual must write their capacity (title) in the space below. The Medallion Guarantor may require additional documentation. The undersigned does (do) irrevocably constitute and appoint Equiniti Trust Company attorney to transfer the said stock on the books of said Company with full power of substitution in the premises. Medallion Signature Guarantees can be obtained from financial institutions, including commercial banks, brokers, and credit unions. *(See the FAQ Medallion Signature Guarantee for more information)*

Signature of all registered owners or legal representatives

Note to Guarantor: Medallion Stamp must be fully legible and must **NOT** be dated or annotated.

x _____

x _____

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
FIFTH THIRD BANK, N.A.

AUTHORIZED SIGNATURE
X 9 0 1 4 9 2 2
1093
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM®

Title of Legal Representatives, if applicable:

x _____

VERIFIED
JUL 25 2022
EQSS Notation

**Page 1 of 2**
SP SOnL 06/22

30E-288572.

Alterations, corrections, or white-out will render the Stock Power Form invalid.

**F. Tell Us About: The account you want the shares transferred to** A separate page is needed for each new account

Enter the number of shares to transfer into the account indicated on this page. When transferring to multiple accounts, you must submit a separate copy of this page and indicate the number of shares to transfer into each new account.

If you are transferring to an existing Shareowner Services account, enter the 10-digit account number, and complete Line 1 with the full account registration. Then, skip to Section H.

**Registration for the New Account** check only one box below, complete the indicated lines, new address, and Tax ID

- [ ] Individual – Line 1
- [ ] Estate – Lines 1 and 4a
- [ ] Custodian for Minor – Lines 1, 2a, and 2b
- [ ] LLC C Corporation – Line 1
- [ ] Joint Tenancy – Lines 1 and 2a
- [x] Trust – Lines 1, 4a, and 4b
- [ ] TOD Beneficiary – Lines 1 and 4a
- [ ] LLC S Corporation – Line 1
- [ ] Tenants in Common – Lines 1 and 2a
- [ ] Tenants by Entirety – Lines 1 and 2a
- [ ] Corporation – Line 1
- [ ] LLC Partnership – Line 1
- [ ] Other – Line 1 and enter type of registration: _____

Line 1. New Owner/Custodian/Trustee/Executor/Other (First Name, Middle Initial, Last Name)

**JODY LON MILLARD**

Line 2a. Joint Owner/Minor/Second Trustee/Other (First Name, Middle Initial, Last Name) | 2b. Minor's State of Residence

Line 3. Any additional Joint Owners/Trustees/Other (First Name, Middle Initial, Last Name)

Line 4a. Name of Trust/Estate/TOD Beneficiary | 4b. Date of Trust (MM/DD/YY)

**SPILIOS MOUSALIMAS TR UA 05 03 99** | **05/03/99**

**Address for the New Account** Including City, State, and Zip Code

**PO BOX 148 AURORA, OH. 44202**

**Tax ID for the New Account**
Enter the Social Security Number **OR** Employer Identification Number (then check one box to identify type)

876512750 | [ ] SSN **OR** [x] EIN

**G. Substitute Form W-9** The New Owner signature below **MUST** correspond to the Tax ID for the New Account above

Certification: Under penalties of perjury, I certify that: **1.** The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and **2.** I am not subject to backup withholding because: (a) I am exempt from backup withholding, (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and **3.** I am a U.S. citizen or other U.S. person (defined in the instructions). **4.** The FATCA code entered on this form (if any) indicating that the payee is exempt from FATCA reporting is correct. (This does not apply to accounts located in the U.S.)

Exempt Payee Code (if any): _____ (Codes are available with the official IRS Form W-9 available at www.irs.gov)

Exemption from FATCA Reporting Code (if any): NOT APPLICABLE (codes are available with the official IRS Form W-9 available at www.irs.gov)

Certification Instructions: You must cross out item **2** above if you have been notified by the IRS that you are currently subject to backup withholding because you failed to report all interest and dividends on your tax return.

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

Signature: _____    Date: 7/22/2017    (Rev. 10/18)

NOTICE to NON-U.S. PERSONS (e.g. nonresident aliens individuals, foreign corporations, foreign partnerships or foreign trusts): DO NOT COMPLETE THE ABOVE SUBSTITUTE FORM W-9. NON-U.S. PERSONS MUST PROPERLY AND TIMELY COMPLETE AND RETURN THE APPLICABLE FORM W-8, (AVAILABLE AT www.irs.gov) AND RETURN THAT CERTIFICATION OF FOREIGN TAX STATUS. FAILURE TO DO SO COULD SUBJECT YOU TO EITHER U.S. FEDERAL BACKUP WITHHOLDING TAX AT THE APPLICABLE RATE OR FATCA/NRA WITHHOLDING OF 30%, AS APPLICABLE, OF THE REPORTABLE/WITHHOLDABLE AMOUNT.

**H. Sign up for Online Access: If the new owner would like to receive instructions for online access**

- [x] Check the box to the left to send instructions for online access. An Authentication ID and sign up instructions will be mailed to the address in Section F. Some restrictions may apply. Online account access is not available for accounts registered in the name of a Corporation, Partnership, Investment Club, Bank, or Brokerage firm where multiple individuals are authorized to perform transactions.

**Page 2 of 2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26    # EXHIBIT D
27
28

**COMPLAINT FOR WRONGFUL REGISTRATION OR TRANSFER OF SECURITIES**

**COMMON STOCK**

NO PAR VALUE

INCORPORATED UNDER
THE LAWS OF THE
STATE OF CALIFORNIA

**COMMON STOCK**

NO PAR VALUE

SEE REVERSE FOR CERTAIN
DEFINITIONS AND TERMS

CUSIP 69331C 10 8

NUMBER

PCG44932

THIS CERTIFICATE IS TRANSFERABLE
IN NEW YORK, NY OR RIDGEFIELD PARK, NJ.



# PG&E Corporation

THIS CERTIFIES THAT

IS THE RECORD HOLDER OF

**FULLY PAID NON-ASSESSABLE SHARES OF THE COMMON STOCK OF**

*PG&E Corporation, transferable upon its books on surrender of this certificate properly endorsed. This certificate and the shares represented hereby are issued and shall be held subject to all the provisions of the Articles of Incorporation of the Corporation and amendments thereto, to all of which the holder by the acceptance hereof assents. This certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness the seal of the Corporation and the signatures of its duly authorized officers.*

DATED: 11/05/04

COUNTERSIGNED AND REGISTERED:
**Mellon Investor Services LLC**

TRANSFER AGENT
AND REGISTRAR

BY

CORPORATE SECRETARY

CHAIRMAN OF THE BOARD

AUTHORIZED OFFICER

Case No. 3:25-cv-1853

**COMMON STOCK**

NO PAR VALUE

INCORPORATED UNDER
THE LAWS OF THE
STATE OF CALIFORNIA

**COMMON STOCK**

NO PAR VALUE

NUMBER
ZQ    42521

THIS CERTIFICATE IS TRANSFERABLE IN
SAN FRANCISCO OR NEW YORK, NY

SEE REVERSE FOR CERTAIN
DEFINITIONS AND TERMS



# PG&E Corporation

THIS CERTIFIES THAT

SPILIOS MOUSALIMAS TR SPILIOS
MOUSALIMAS TRUST UA MAY 3 99

CUSIP 69331C 10 8

IS THE RECORD HOLDER OF

**SEVENTEEN THOUSAND SEVEN HUNDRED**

FULLY PAID NON-ASSESSABLE SHARES OF THE COMMON STOCK OF

*PG&E Corporation, transferable upon its books on surrender of this certificate properly endorsed. This certificate and the shares represented hereby are issued and shall be held subject to all the provisions of the Articles of Incorporation of the Corporation and amendments thereto to all of which the holder by the acceptance hereof assents. This certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness the seal of the Corporation and the signatures of its duly authorized officers.*

DATED: MAY 10, 1999

*Stanley T. Skinner*
CHAIRMAN OF THE BOARD

*Leslie H. Everett*
CORPORATE SECRETARY

COUNTERSIGNED:
**PG&E CORPORATION**
(SAN FRANCISCO)

BY

*David M. Kelly*
TRANSFER AGENT

REGISTERED:
**BNY Western Trust Company**
REGISTRAR

BY


AUTHORIZED OFFICER.

033831



NUMBER
**SC1443401**

**COMMON STOCK**
PAR VALUE $5.00 EACH

SHARES
*****20000*****

**COMMON STOC**
PAR VALUE $5.00 EACH

CUSIP 842587 10

SEE REVERSE FOR
CERTAIN DEFINITIO

# THE SOUTHERN COMPANY

INCORPORATED UNDER THE
—LAWS—
OF THE STATE
—OF—
DELAWARE

THIS CERTIFICATE IS TRANS
EITHER IN
ATLANTA, GEORG
—OR—
NEW YORK, N. Y.

This Certifies that 000134441

SPILIOS MOUSALIMAS TTEE        ***20000********
SPILIOS MOUSALIMAS TRUST DTD 05/03/99    ***20000*********
1070 SIERRA VISTA WAY        *****20000*******
LAFAYETTE  CA  94549-3127    ******20000*****
                            *******20000*****

is the owner of    **TWENTY THOUSAND**

FULLY PAID AND NON-ASSESSABLE SHARES OF THE COMMON STOCK

of The Southern Company (hereinafter called the Corporation) transferable on the books of the Corporation by the holder hereof in person or by duly authorized attorney upon surrender of this certificate properly endorsed. This certificate and the shares represented hereby are issued and shall be held subject to all the provisions of the Certificate of Incorporation and all amendments thereto (copies of which are on file with the Transfer Agents) to all of which the holder by the acceptance hereof assents. This certificate is not valid unless countersigned by a Transfer Agent and registered by a Registrar.

Witness the facsimile seal of the Corporation and    the facsimile signatures of its duly authorized officers.

Dated:    JUN 01, 1999

*Jimmy Chisholm*
SECRETARY

The Southern Company

BY

PRESIDENT

COUNTERSIGNED AND REGISTERED:
SOUTHERN COMPANY SERVICES, INC.
TRANSFER AGENT AND REGISTRAR
BY
AUTHORIZED SIGNATURE

*E. Ray Dunn*

AMERICAN BANK NOTE COMPANY

Exhibit 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

**COMPLAINT FOR WRONGFUL REGISTRATION OR TRANSFER OF SECURITIES**

**WELLS FARGO** Transaction Search

# Print Images

Date/Time Printed:   11/09/2022 1:54 PM PDT

Check 716126 - 48,735.01 USD





Item Details

| | |
|---|---|
| Account Number | 6711363231 |
| Account Name | IPS - Team F |
| Check | 716126 |
| Amount | 48,735.01 USD Debit |
| BAI Code | 475 |
| Transaction Type | CHECK PAID |
| Posting Date | 08/11/2022 |
| As of Date | 08/11/2022 |
| Additional Item Details | CHECK 0000147 +000000123601276 |

Item Sequence Number   008188369980

Bank ID   091000019

# Exhibit B

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Paul H. Melbostad 99951; Vladislav P. Viltman 203140<br>g3mh, LLP<br>1388 Sutter Street, Suite 1000<br>San Francisco, CA 94109<br>TELEPHONE NO.: (415) 673-5600   FAX NO.: (415) 673-5606<br>EMAIL ADDRESS: pmelbostad@g3mh.com; vviltman@g3mh.com<br>ATTORNEY FOR *(Name):* FANI KOKKOROS, et al. | FOR COURT USE ONLY<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**01/31/2025**<br>**Clerk of the Court**<br>BY: SAHAR ENAYATI<br>Deputy Clerk |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: CIVIL |

| |
|---|
| CASE NAME: KOKKOROS, et al. v. EQUINITI, et al. |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $35,000) ☐ Limited (Amount demanded is $35,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC-25-621996**<br><br>JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*  a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* 3: (1) WRONGFUL REGISTRATION AND TRANSFER OF SECURITIES; (2) DEFAULT UNDER MEDALLION
5. This case ☐ is ☒ is not a class action suit. GUARANTY INDEMNITY AGREEMENT; (3) DEFAULT IN PAYMENT ON SURETY BOND
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/31/2025

Paul H. Melbostad, Esq.
(TYPE OR PRINT NAME)
▶ *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | | |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | CEB Essential<br>ceb.com Forms | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic*
      *relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CEB | Essential
ceb.com Forms

Case No. 3:25-cv-1853

# Exhibit C

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**    **JUL 02, 2025**

**TIME:**    **10:30 am**

**PLACE:**    **Department 610**
            **400 McAllister Street**
            **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

---

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Information Sheet**
**Voluntary Expedited Jury Trial Summary**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases.  EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way.  Voluntary EJTs are authorized by statute.  CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.)  EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;

- 8 jurors (6 must agree);

- 3 peremptory challenges per side;

- 5-hour time limit per side <u>unless agreed otherwise and approved;</u>

- One to two court days completion <u>unless agreed otherwise and approved;</u>

- Option to present evidence by stipulation and objection;

- High/low arrangement option;

- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.

# Exhibit D

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EQUINITY TRUST COMPANY, a New York limited liability company, FIFTH THIRD BANK, N.A., a national banking association, THE TRAVELERS COMPANIES, INC., a Minnesota corporation, JODY LON MILLARD, an individual, and DOEs 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FANI KOKKOROS, as the Trustee of the Spilios Mousalimas Trust dated May 3, 1999, NICK G. TARLSON, as the Special Trustee of the Spilios Mousalimas Trust appointed July 12, 2022

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

| | CASE NUMBER *(Número del Caso):* |

San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

**CGC-25-621996**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul H. Melbostad 99951 g3mh, LLP
1388 Sutter Street, Suite 1000 (415) 673-5600
San Francisco, CA 94109

DATE:
*(Fecha)* **01/31/2025**

Clerk, by **SAHAR ENAYATI**
*(Secretario)* , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Case No. 3:25-cv-1853